Comstock, J,
By the charter of the city of Buffalo, as revised in the year 1843, the city taxes were to he assessed by the common council on all the taxable real and personal property within the city, according to the valuation of the same in the assessment rolls of the current year, filed by the ward assessors,” and all taxes remaining unpaid for three months after the date of the warrant issued for their collection, could be sued for and recovered. (Laws of 1843, 133, §§ 4, 6.) This charter nowhere, in terms, specified the property subject to or exempt from taxation, that being left to the general law of the state, which at that time was contained in the Revised Statutes, declaring that “ all lands and all personal estate within this state, whether owned by individuals or corporations, shall be liable to taxation,” subject to certain exemptions not material to be noticed.
Until the year 1846, there was no authority for taxing the rents reserved on. leases, as personal estate. Land, of course, was taxed as land; but the rents reserved on leases, and not past due, were not personal estate, and therefore, were not taxed at all. This was changed by a general act in the year 1846. ( Ch. 327, p. 466.) The first section made it “ the duty of the assessors of each town and ward to ascertain the amount of rents reserved in any leases in fee, or for one or more lives, or a term of years exceeding twenty-one years,” and to assess such rents as personal estate, according to a certain mode of valuation particularly specified. Tho second section made it the duty of the board of supervisors of each county to assess the taxes for “ town, county and state purposes” upon the persons entitled to such rents, in the same manner and to the same extent as other personal estate. This act is silent in regard to city taxation, and on this ground it is claimed that the tax imposed by the city of Buffalo, in the year 1847, upon the defendant, in respect to certain rents, to which he was entitled upon a lease for thirty years, was unauthorized and void.
*453 The position is not well taken. The power contained in the city charter, to assess “ all taxable” property, includes not only such as was then taxable by the general law of the state, but whatever should be made subject to taxation by any general statute to be afterwards passed. By the act of 1846, it is the duty of all ward as well as town assessors to value and assess rents reserved upon leases of a certain kind. These would be, therefore, contained in the assessment rolls filed by the ward assessors of Buffalo, and in levying taxes the common council would have no more right to exclude such rents than any other subject of taxation. Ho change in the charter was required in order to subject such rents to city taxation. They became taxable personal estate, in virtue of the act of 1846, and, as such, were liable to taxation for city purposes by the terms of the charter as it stood without amendment. It is true, that by the second section of the statute of 1846, the boards of supervisors of counties are specially commanded to assess ' such rents for town, county and state purposes; but in this there is nothing to exonerate them from taxation by the common „council of Buffalo, for city purposes. The city taxation, stood in the place of town taxation, and instead of the board of supervisors the common council was the authority to impose the tax. It needed no particular direction to the common council, because the terms of the charter were already broad enough to meet the exigency. If we were to take the view contended for by the defendant, the result would follow that, while rents reserved in long leases upon lands in towns are taxable for all purposes, those in like leases on lands in cities can be taxed for county and state purposes only. Certain manor leases in this state were no doubt the object particularly aimed at by the legislature, but in order to reach them a general law was deemed necessary and expedient. Accordingly, no discrimination is made between agricultural and city lands, and in the *454 taxation of city rents none is made between county and state and city purposes.
Some other questions in regard to the validity, force and construction of the act of 1846 have been considered, and, I think, properly disposed of by the Supreme Court, in the cases of Livingston v. Hollenbeck (4 Barb., 9), and Le Couteulx v. The Supervisors of Erie County (7 id., 249). These questions have not been discussed in the present case, and there is no occasion to give them a particular notice.
The judgment should be affirmed.
Brown, J.
The rents reserved in the lease from Louis Le Couteulx to Samuel Johnson, to which the plaintiff is entitled by devise, were subject to assessment and taxation under the act of the 13th May, 1846, to equalize taxation. That the lease was executed and the estate for years created before the law took effect, or that there was not, at the time, twenty-one years of the term unexpired, are matters of no moment. The rents were reserved, upon a demise for a term exceeding twenty-one years, and that subjected them to taxation as personal property. The lands out of which the rents issue are situate within the city of Buffalo, of which the defendant is resident; and the only point made upon this appeal is, upon the authority of the common council of that city to impose a tax upon the rent for city purposes. The tax is imposed under the third and fourth sections of title five of the act of the 17th April, 1843, to consolidate and amend the act to incorporate the city of Buffalo, passed April 20th, 1832, &c., the latter of which sections directs that the tax “ shall be assessed on all the taxable real and personal property within the city, according to the valuation of the same, in the assessment rolls of the current year, filed by the ward assessors in the city clerk’s office, after the rolls have been equalized and corrected. Rents reserved upon leases were not taxable until the act of the 13th of May, 1846, took effect. This act is general *455 t ü its nature, and has no particular reference to the city of Buffalo: its object being simply to place rents reserved upon certain leases within the list of taxable personal property. We are to determine whether in July, 1847, the time when the present tax was imposed, this species of property within the city of Buffalo was taxable for municipal purposes. The case of The Ontario Bank v. Bunnel (10 Wend., 186), is decisive in favor of the power exercised by the common council. It was there held that the authority given in” the charter of the village of Canandaigua to assess the taxes “ upon the freeholders and inhabitants of said village, according to law,” must be construed to mean, according to the principles and directions of the general tax law existing at the time when the assessment is made and is to be enforced. So, also, I apprehend, the direction in the fourth section of the act to incorporate the city of Buffalo, that the tax “ shall be assessed on all the taxable real and personal property within the city,” must be construed to mean such real and personal property as is subject to taxation by the general law in force at the time the assessment is made.
The judgment of the Supreme Court should be affirmed.
All the judges concurring,
Judgment affirmed.